## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RICHARD TOMLINSON, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil No.   15-9073-JAR** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER OF** | ) |
| **SOCIAL SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying Plaintiff Richard Tomlinson, Jr.'s application for a period of disability and disability insurance benefits under Title II of the Social Security Act.[1]    Because the Court finds that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms Defendant's decision.

## I.    Procedural History

On April 21, 2009, Plaintiff protectively applied for a period of disability and disability insurance benefits, alleging an onset date of April 24, 2007.   Plaintiff was last insured for disability insurance benefits on December 31, 2012.   Plaintiff's applications were denied initially and upon reconsideration; after a hearing, the ALJ issued a decision finding that Plaintiff was not disabled and the Appeals Council denied plaintiff's request for review.   Plaintiff then sought judicial review.

---

[1] 42 U.S.C. §§ 401–434.

On September 11, 2013, the Honorable John W. Lungstrum reversed the Commissioner's decision and remanded the matter pursuant to the fourth sentence of 42 U.S.C. § 405(g).[2]   The court found error in the ALJ's assertion that she gave "substantial weight" to the opinion of non-treating source Dr. Koprivica, yet did not explain why she rejected that part of Dr. Koprivica's opinion in which he opined that Plaintiff must be allowed the option to stand or sit at will.   Thus, the court ordered remand "for the Commissioner to discuss Dr. Koprivica's opinion and to explain how the evidence supports the determination that Plaintiff does not need to be allowed the option to sit or to stand at will."[3]

Upon remand, the ALJ conducted a hearing and then issued a decision finding that Plaintiff was not disabled.   The Appeals Council denied Plaintiff's timely request for review; and Plaintiff then timely sought judicial review before this Court.

## II.    Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[4]   The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5]   In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of

---

[2]*Tomlinson v. Colvin*, No. 12-2128, 2013 WL 4849096, at *6 (D.Kan. Sept. 11, 2013).

[3]*Id., at *7.*

[4]*See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[5]*Id.* (quoting *Castellano*, 26 F.3d at 1028).

2

Defendant.[6]

## III.   Legal Standards and Analytical Framework

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[7] An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."[8]   The Secretary has established a five-step sequential evaluation process to determine whether a claimant is disabled.[9]   If the ALJ determines the claimant is disabled or not disabled at any step along the way, the evaluation ends.[10]

Upon remand, Plaintiff does not challenge the ALJ's determinations at steps one, two and three.   But Plaintiff challenges the ALJ's determination of Plaintiff's Residual Functional Capacity ("RFC"), and particularly, the ALJ's determination that Plaintiff needed the ability to shift from sitting to standing every thirty minutes.   Plaintiff argues that the ALJ's determination of the RFC is the product of several errors: (1) according "very little weight" to the opinion of treating physician Dr. Jon French who opined that Plaintiff needed to change from sitting or standing at will; (2) according substantial weight to the opinion of non-treating source Dr. P. Brent Koprivica, yet rejecting his opinion that Plaintiff needed to be able to shift from sitting to standing

_____

[6] *Id.*

[7] 42 U.S.C. § 423(d)(1)(A); § 416(i); § 1382c(a)(3)(A).

[8] *Id.* § 423(d)(2)(A); § 1382c(a)(3)(B).

[9] *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1983).

[10] *Id.*

at will; (3) according significant weight to the opinion of Mr. Fisher, the non-examining state

agency single decision maker, because Fisher is not an acceptable medical source and his opinion

was dated; (4) according substantial weight to the opinion of treating physician Dr. Stechschulte,

yet ignoring that this doctor had limited Plaintiff to sedentary work during most the two-year

period in which he treated Plaintiff; and (5) improperly assessing Plaintiff's credibility by ignoring

the totality of evidence about his activities of daily living and course of treatment.

## IV.    Discussion

Upon remand, the ALJ found that Plaintiff has the following residual functional capacity

(RFC):

> he could lift and carry ten pounds frequently and twenty pounds occasionally; sit for one to
> two hours at a time and for a total of six or more hours in an eight-hour day, and stand or
> walk for two hours in an eight-hour day; he required the option to alternate between a
> sitting and standing position every thirty minutes; he should not have operated foot
> controls; he could have occasionally stooped; he should have never climbed, kneeled,
> crouched, crawled, squatted, or performed overhead work with either extremity; he needed
> to use a cane to move about the workplace; and he should have had only occasional
> interaction with the public or coworkers.

Judge Lungstrum remanded for an evaluation and explanation of whether Plaintiff needed an

option to sit or stand at will, because in the initial RFC the ALJ had not allowed for any sit/stand

option.   Upon remand, the ALJ included in the RFC an option to change from sitting to standing,

not at will, but every thirty minutes.   Plaintiff argues that there is not substantial evidence to

support this finding, which differs from some of the medical opinions.

"An ALJ must evaluate every medical opinion in the record, although the weight given

each opinion will vary according to the relationship between the disability claimant and the

medical professional."[11]   But a treating source provider's opinion must be given controlling

---

[11]*Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (internal citation removed) (citing 20 C.F.R. §
404.1527(d)).

weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence in the record; but if it is "deficient in either respect, it is not entitled to controlling weight."[12]    And, even if the opinion of a treating provider is not worthy of controlling weight, it must still be accorded deference and must still be evaluated in light of the factors set forth in the relevant regulations.[13]

In *Goatcher v. U.S. Dep't of Health & Human Services*,[14] the Tenth Circuit directed that the ALJ consider the following factors in determining what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[15]

Here, the ALJ thoroughly explained the weight she accorded to the opinions of various medical sources, explained why she adopted a sit/stand option every thirty minutes, and explained in particular why she did not adopt a sit/stand at will option, even though some of the medical sources opined that Plaintiff needed that option.    The ALJ recognized that Dr. Koprivica opined that Plaintiff needed to shift from sitting to standing at will.   But the ALJ well explained her

---

[12]*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2) and citing SSR 96- 2p, 1996 WL 374184, at *5 (July 2, 1996)).

[13]*Hamlin*, 365 F.3d at 1215.

[14]52 F.3d 288, 290 (10th Cir. 1995) (citing 20 C.F.R. § 404.1527(d)(2)-(6)).

[15]*Id.*

decision to not give "full weight" to that part of Dr. Koprivica's opinion.   Although Dr. Koprivica opined that Plaintiff needed to change posture at will, he also opined that Plaintiff's captive sitting intervals should be less than two hours and that Plaintiff could stand or walk for one to two hours at a time.   Thus, Dr. Koprovica's opinion that Plaintiff needed to sit/stand at will was inconsistent with his opinions about the intervals in which Plaintiff could sit, stand or walk.

In contrast, the ALJ's determination that Plaintiff could stand or walk for at least thirty minutes and could sit for no more than two hours at a time was supported by other evidence in the record.   While Dr. Koprivica was a non-treating source who examined Plaintiff, Dr. Stechschulte, who was Plaintiff's treating orthopedic surgeon, opined that Plaintiff could stand or walk for thirty minutes at a time.   While Dr. Stechschulte did not opine that Plaintiff needed any option to shift posture at any given interval, based on all of the evidence the ALJ found Plaintiff needed to do this at thirty minute intervals.   In short, in evaluating the opinions of medical sources Drs. Koprivica and Stechschulte, the ALJ properly gave their opinions controlling weight, except to the extent their opinions were not supported by other substantial evidence.[16]

Plaintiff argues that there was substantial evidence that Plaintiff needed a sit/stand option at will, given that another treating physician, Dr. Jon French, so opined.   While the ALJ recognized that Dr. French was also a treating provider, the ALJ well explained her decision to give his opinion "very little weight."   First, Dr. French's treatment relationship with Plaintiff lasted fifteen months, from March 2010, to about June 2011.   In contrast, Dr. Stechschulte treated Plaintiff for about 28 months, from April 2007 to August 2009.   Furthermore, Dr. French treated

---

[16]Plaintiff also argues that the ALJ erred in not giving weight to the fact that Dr. Stechschulte had restricted Plaintiff to desk (sedentary) work during much of the time he treated Plaintiff and that this is evidence supportive of a sit/stand option at will, though Dr. Stechschulte offered no opinion on a sit/stand option.   The Court declines to address this argument, as Judge Lungstrum rejected this same argument and did not remand this case to the ALJ on the basis of this argument.

Plaintiff for pain management, including steroid injections and prescribing a TENS unit.   While Dr. Stechschulte also provided pain management, his course of treatment was more specific: knee arthroscopy; carticel reimplantation procedures; right total knee arthroplasty; and post operatively, a right knee manipulation.   In evaluating the opinions of medical sources, it is proper for the ALJ to consider *inter alia*, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, and whether the physician is a specialist in the area upon which an opinion is rendered.[17]

Moreover, Dr. French's opinion that Plaintiff needed to sit/stand at will was inconsistent with Dr. French's opinion that Plaintiff could stand for 45 to 60 minutes at a time, sit for one hour at a time, and walk for one block at a time.   Further, as the ALJ found, Dr. French's opinions were inconsistent with other evidence, such as Plaintiff's treatment records, activities of daily living, and self-reported activities.    In evaluating the opinion of a medical source, it is proper for the ALJ to consider *inter alia*, the degree to which the physician's opinion is supported by relevant evidence and the consistency between the opinion and the record as a whole.[18]

Plaintiff also challenges the ALJ's assessment of his credibility on the extent of his activities of daily living, and the ALJ's finding that Plaintiff's statements concerning his pain and symptoms were not credible to the extent they were inconsistent with the ALJ's RFC.    The Court is mindful that "[c]redibility determinations are peculiarly the province of the finder of fact" and will stand when supported by substantial evidence,[19] such that courts usually defer to the ALJ on

---

[17] *Goatcher*, 52 F.3d at 290.

[18] *Id.*

[19] *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010).

matters involving credibility.[20] The Court defers to the ALJ's well articulated and well explained findings on credibility in this case.

The ALJ specifically found that Plaintiff's activities of daily living are inconsistent with his allegations of disability.   To be sure, over the course of this case and over the course of Plaintiff's treatment, he has reported limitations in activities of daily living that improved, or worsened at times.   But overall, Plaintiff's activities of daily living based on his testimony, his self-reports to treating providers during the administrative process, as well as the third party reports, establish that Plaintiff provides for his own personal care; took care of his young pre-school aged children while his wife worked full time; prepared simple meals; performed household chores; engaged in physical therapy exercises; shopped for groceries; and attended church and other events.

At times, Plaintiff reported that these activities were limited by more severe episodes of pain. But the longitudinal record demonstrates that after his knee replacement surgery in August 2008 he experienced some improvement, such that by the time of his first ALJ hearing in November 2010, Plaintiff testified that he had stopped taking pain medications and was able to manage his pain with over-the-counter medications.   Moreover, when more aggressive measures were prescribed in the past, Plaintiff was not wholly compliant with the pain management and other treatment regimens.

The ALJ also properly relied upon inconsistencies between Plaintiff's reports about his need to use a cane to ambulate.   At the January 2014 ALJ hearing, Plaintiff testified that he had been using a cane to ambulate since March 2007.   Yet, an August 2009 treatment note reflects that Plaintiff stated that he had only been using a cane for three to four months at that point.   These

---

[20]*Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir.1994).

were all factors the ALJ expressly and properly relied upon and concluding that Plaintiff's credibility was limited as described above.   The Court finds no error in the ALJ's credibility analysis

Plaintiff also argues that the ALJ erred in according significant weight to the opinions of Mr. Fisher, a single decision maker who reviewed Plaintiff's records, because he was not an acceptable medical source.   But as the ALJ explained, an acceptable medical source, Dr. Gerald Siemsen, reviewed the same medical records and affirmed Mr. Fisher's opinion.   In any event, neither Mr. Fisher nor Dr. Siemsen opined that Plaintiff needed any option to sit or stand, so to the extent the ALJ accorded their opinion substantial weight, she did not give any weight to their not including a sit/stand option.

## V.     Conclusion

Because the Court finds that Defendant Commissioner's findings are supported by substantial evidence, the Court affirms Defendant's decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's decision denying Plaintiff disability benefits is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: June 30, 2016

      S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE